UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDDIE LAMONT FOURCHA                          CIVIL ACTION

VERSUS                                          NUMBER: 12-02231

RAYBURN CORRECTIONAL CENTER, ET AL.             SECTION: "H"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Freddie Lamont Fourcha, against defendants, the Rayburn Correctional Center ("RCC") and one of its correctional officers, Sergeant Branch.

Plaintiff, an inmate of RCC, alleges that Sergeant Branch became extremely loud and verbally aggressive towards him after he rebuffed the officer's suggestion that plaintiff become an informant and provide him with information about the possession of contraband by other inmates. In his prayer for relief, plaintiff seeks a transfer to another penal institution and compensation for mental anguish.

Plaintiff has instituted suit herein in forma pauperis

pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claims against the named defendants falter for a variety of reasons. As to the RCC, the law is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, correctional facilities like RCC are not considered to be "persons" within the meaning of §1983 and cannot be cast in judgment under Rule 17(b), Fed.R.Civ.P. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C.

1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976)(citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696 (1970)).

As to the other named defendant, Sergeant Branch, the law is also clear that mere verbal abuse or threatening language and gestures of a correctional officer do not, even if true, amount to constitutional violations. Harvey v. Stalder, 130 Fed.Appx. 654 (5th Cir. 2005); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499 (1983). In terms of the forms of relief sought by plaintiff, he has no constitutional right to a transfer to a different jail facility, Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995), and without a showing of physical injury, damages for mental or emotional injury suffered while in custody are not recoverable under §1983. 42 U.S.C. §1997e(e). Feelings of fear and anxiety do not qualify as physical injuries under § 1997e(e). Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>13th</u> day of <u>September</u>, 2012.

*Alma L. Chasez*
UNITED STATES MAGISTRATE JUDGE

4